# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>TESLA, INC., a Texas Corporation; and DOES 1 through 100, inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>GREGORY PITSCH, an individual | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Alameda<br>**02/02/2026**<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ A. Gospel _____ Deputy |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Alameda County Superior Court | **CASE NUMBER:**<br>*(Número del Caso):*<br>**26CV168166** |

Hayward Hall of Justice, 24405 Amador St., Hayward, CA 94544

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jay S. Rothman & Associates, 21900 Burbank Blvd., Suite 210, Woodland Hills, CA 91367; 818-986-7870

| | | |
|---|---|---|
| DATE: 02/02/2026<br>*(Fecha)* Chad Finke, Executive Officer / Clerk of the Court | Clerk, by<br>*(Secretario)* _____<br>A. Gospel | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

1   JAY S. ROTHMAN (SBN 49739)
    JAY S. ROTHMAN & ASSOCIATES
2   21900 Burbank Boulevard, Suite 210
    Woodland Hills, California 91367
3   Telephone:   (818) 986-7870
    Facsimile:   (818) 990-3019
4   lawyers@jayrothmanlaw.com

5   Attorneys for Plaintiff Gregory Pitsch

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**02/02/2026 at 12:00:00 AM**
By: Andrel Gospel,
Deputy Clerk

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      FOR THE COUNTY OF ALAMEDA

10

11   GREGORY PITSCH, an individual,          Case No.  26CV168166

12              Plaintiff,                    COMPLAINT FOR DAMAGES

13   vs.                                      1. Constructive Wrongful Termination
                                                 (Cal. Govt. Code §§ 12900, et seq.)
14   TESLA, INC., a Texas Corporation; and    2. Constructive Wrongful Termination in
     DOES 1 through 100, inclusive,              Violation of Public Policy
15                                            3. Sexual Harassment, Discrimination &
                                                 Retaliation (Cal. Govt. Code § 12940(j)
16              Defendants.                       et. seq.)
                                              4. Intentional Infliction of Emotional
17                                               Distress
                                              5. Unfair Competition (Cal. Bus. & Prof.
18                                               Code § 17200, et seq.)

19
                                              [DEMAND FOR JURY TRIAL]
20

21

22        Gregory Pitsch, Plaintiff, ("PLAINTIFF") hereby complains against TESLA, INC.,

23   DEFENDANTS, and each of them, and alleges as follows:

24                          GENERAL ALLEGATIONS

25        1.    This is an action for violation of California's employment and wage and

26   hour laws. PLAINTIFF alleges that DEFENDANT, Tesla, Inc., by and through any sole

27   proprietors, owners, shareholders, officers, directors, members and managing agents, and

28   alter egos, and DOES 1 Through 100, inclusive "DEFENDANTS"):

                                        1
COMPLAINT FOR DAMAGES

1    2.    constructively, wrongfully terminated and / or retaliated against PLAINTIFF
2    in violation of Govt. Code §§ 12900, *et seq.*;

3    3.    constructively, wrongfully terminated PLAINTIFF'S employment in
4    violation of important public policies of the State of California, as set forth and
5    established by California employment statutes and case law;

6    4.    subjected PLAINTIFF to sexual harassment, discrimination and retaliation,
7    in violation of Cal. Govt. Code §§ 12940(k) *et seq.*;

8    5.    intentionally inflicted severe emotional distress on PLAINTIFF;

9    6.    violated California's Unfair Competition Law, Business & Professions Code
10   §§ 17200, *et seq.* (the "UCL");

11   7.    PLAINTIFF filed a claim with the California Civil Right Department
12   ("CRD"), formerly known as the Department of Fair Employment and Housing
13   ("DFEH"), pursuant to California Government Code section 12965(b) and the California
14   Fair Employment and Housing Act ("FEHA"). PLAINTIFF filed such a claim in a timely
15   fashion and received a "right-to-sue" letter. Attached as Exhibit "A" and incorporated
16   herein by reference is a true and correct copy of the claim against DEFENDANTS.
17   PLAINTIFF has thus exhausted all administrative remedies and fulfilled all
18   administrative prerequisites.

19   8.    Venue is proper in this Court because the DEFENDANTS do substantial
20   business in Alameda County, California.

21                          . THE PARTIES

22   9.    Gregory Pitsch is, and at all times mentioned herein was a competent adult
23   residing in the State of California.

24   10.    PLAINTIFF is informed and believes, and based thereon alleges, that
25   DEFENDANTS were, at all times relevant herein, the owner, shareholder, sole proprietor,
26   superintendent, officer, director, manager, and managing agent of DEFENDANTS.

27   11.    PLAINTIFF is informed and believes, and based thereon alleges, that
28   Defendant, Tesla, Inc., is a Texas Corporation purportedly authorized to do business

                              2

within the State of California with its principal place of business located in Alameda County, California.

12.   DEFENDANTS are subject to Labor Code and other California law including, but not limited to, Cal. Bus. & Prof. Code sections 17200, *et seq.*, and the applicable Wage Order(s) issued by the Industrial Welfare Commission.

13.   At all times herein mentioned, DEFENDANTS participated in the doing of the acts and omissions herein alleged, were acting within the purpose, course and scope of said agency and/or employment to have been done by the named DEFENDANTS; and furthermore, the DEFENDANTS, and each of them, were the agents, managing agents, servants, employees, alter-egos, co-conspirators, joint-venturers, partners, successors in interest and predecessors in interest of each of the other DEFENDANTS.

14.   At all times herein mentioned, DEFENDANTS were acting within the purpose, course and scope of said agency and/or employment so as to invoke vicarious liability and *respondeat superior* liability among other theories of liability to hold DEFENDANTS liable and responsible for the injuries and damages to PLAINTIFF.

15.   At all times herein mentioned, DEFENDANTS were members of and engaged in a joint venture, partnership and common enterprise, and acting within the purpose, course and scope of, and in pursuit of, said joint venture, partnership and common enterprise.

16.   At all times herein mentioned, the acts and omissions of various DEFENDANTS contributed to the various acts and omissions of each and all of the other DEFENDANTS in proximately causing the injuries and damages as herein alleged.

17.   At all times herein mentioned, DEFENDANTS, including all DEFENDANTS' managing agents, officers and directors, had advanced knowledge of and/or ratified each and every act or omission complained throughout this complaint. At all times relevant herein, DEFENDANTS and/or their managing agents, officers or directors committed and/or participated in the wrongful acts and omissions complained of throughout this complaint or ratified such acts and omissions. At all times herein

1   mentioned, DEFENDANTS aided and abetted the acts and omissions of each and all of
2   the other DEFENDANTS in proximately causing the damages as herein alleged.

3        18.   PLAINTIFF is informed and believes and thereon alleges that at all times
4   herein mentioned DEFENDANTS and DOES 1 through 100, are and were individuals,
5   sole proprietorships, corporations, business entities, persons, and partnerships, licensed
6   to do business and/or actually doing business in the State of California.

7        19.   PLAINTIFF is unaware of the true names and capacities, whether informed
8   and believes and thereon alleges that at all times herein mentioned DEFENDANTS and
9   DOES 1 through 100, are and were individual, corporate, associate, or otherwise, of the
10  DEFENDANTS sued as DOES 1 through 100, inclusive. They are unknown to
11  PLAINTIFF and therefore sues them by such fictitious names. PLAINTIFF will amend
12  this complaint to allege their true names and capacities when they become known to
13  PLAINTIFF. PLAINTIFF is informed and believes, and thereon alleges, that DOES 1
14  through 100, inclusive, are indebted to PLAINTIFF as hereinafter alleged, and that
15  PLAINTIFF'S rights against such fictitiously named DEFENDANTS arise from such
16  indebtedness.

17       20.   PLAINTIFF is informed and believes and on that basis alleges that each
18  Defendant sued in this action, including each Defendant sued by the fictitious names
19  DOES 1 through 100, inclusive, is responsible and liable in some manner for the
20  occurrences, controversies and damages alleged below.

21       21.   All references to "Defendant", "Defendants", "DEFENDANT,
22  "DEFENDANTS", "company", "company's", "employer" or any similar language,
23  whether singular or plural, shall mean "DEFENDANTS, and each of them" when used
24  throughout this Complaint.

25                          SPECIFIC ALLEGATIONS

26       22.   DEFENDANTS employed PLAINTIFF from on or about January of 2022
27  through May 27, 2023, as a Material Handler.

28       23.   During PLAINTIFF'S employment, he regularly accessed the wireless

                                    4

1   internet on premises on his phone. As a result, his phone was vulnerable to attack from
2   malicious software used by other employees to spy on their fellow employees, looking for
3   embarrassing content to use to amuse themselves.

4       24.    On one occasion, PLAINTIFF'S phone was invaded by this malware and
5   other employee came into possession of a private photo depicting PLAINTIFF engaged in
6   oral sex with another male. PLAINTIFF is married to a woman.

7       25.    For about eight months after this intrusion and theft of PLAINTIFF'S private
8   photo, the photo was passed around to many employees, and PLAINTIFF was subjected
9   to constant sexual harassment from those employees.

10      26.    PLAINTIFF faced comments like, "ass boy" and "faggot" as well as gagging
11  sounds. This occurred on the work premises, as well as during transportation to the
12  premises.

13      27.    PLAINTIFF complained to DEFENDANTS' Transportation Department and
14  Human Resources about the sexual harassment, and made complaints to employees Scott
15  Huerte, Michael De Jesus and Jacob Crites.

16      28.    PLAINTIFF made constant complaints and pleas for help at least as far back
17  as December 2023.

18      29.    Despite PLAINTIFF'S constant complaints, reports and pleas for assistance;
19  nobody in DEFENDANT'S employ did anything to help PLAINTIFF and did nothing to
20  stop the sexual harassment he faced.

21      30.    Ultimately, PLAINTIFF was left with no choice but to resign his position
22  and seek relief.

23      31.    As set forth above, and throughout this complaint, DEFENDANTS engaged
24  in various acts of unfair competition and unlawful and unfair business practices as
25  defined in the UCL, Cal. Bus. & Prof. Code §§17200, *et seq.*

26      32.    PLAINTIFF is informed and believes, and based thereon alleges, that
27  DEFENDANTS have engaged in other illegal and wrongful acts, which are currently
28  unknown to PLAINTIFF. Upon discovery of such acts, PLAINTIFF will amend this

1 | complaint to allege these unknown illegal and wrongful acts and omissions committed by
2 | DEFENDANTS.

3 | CAUSES OF ACTION

4 | First Cause of Action

5 | Constructive Wrongful Termination

6 | (Cal. Govt. Code §§ 12900 et seq.)

7 | (By PLAINTIFF Against All DEFENDANTS)

8 | 33.    PLAINTIFF incorporates by reference and realleges the above paragraphs as
9 | though set forth fully herein.

10 | 34.    This cause of action arises under the public policies of the State of California
11 | and the United States, and DEFENDANTS' retaliation against PLAINTIFF and ultimate
12 | termination of their employment was in violation of such public policies, including those
13 | set forth in statutes and regulations prohibiting discrimination, harassment and
14 | retaliation or complaints about violations of the FEHA and/or Labor Code, including, but
15 | not limited to the California Fair Employment and Housing Act, the California Labor
16 | Code, statutes and regulations prohibiting gender-based and/or disabilities arising from
17 | workplace injuries, discrimination/harassment/retaliation, and statutes and regulations
18 | prohibiting employers from discriminating/harassing/retaliating employees who seek a
19 | safe work environment, seek to be free from harassment in the workplace, to time off to
20 | attend to criminal proceeding matters and to have complaints thereto properly addressed
21 | by the employer.

22 | 35.    At all times mentioned herein, Gov. Code section 12940 et seq. were in full
23 | force and effect and were binding on DEFENDANTS. These sections require
24 | DEFENDANTS, and each of them, to refrain from discriminating against employees in
25 | terms, conditions or privileges of employment on the basis of a protected class.

26 | 36.    As a direct and proximate result of DEFENDANTS' conduct as set forth
27 | above, PLAINTIFF'S emotional well-being has substantially suffered and will continue to
28 | suffer; PLAINTIFF has experienced and continues to experience severe emotional

6
COMPLAINT FOR DAMAGES

1  distress, in an amount to be proven at trial. PLAINTIFF alleges that they have and will
2  continue to suffer substantial losses in earnings, other employment opportunities,
3  employment benefits and other damages, the precise amounts to be proven at trial.

4                              Second Cause of Action
5            Constructive Wrongful Termination in Violation of Public Policy
6                     (By PLAINTIFF Against All DEFENDANTS)

7      37.     PLAINTIFF incorporates by reference and realleges the above paragraphs as
8  though set forth fully herein.

9      38.     This cause of action arises under the public policies of the State of California
10  and the United States, and DEFENDANTS' retaliation against PLAINTIFF and ultimate
11  termination of their employment was in violation of such public policies, including those
12  set forth in statutes and regulations prohibiting discrimination, harassment and
13  retaliation or complaints about violations of the FEHA and/or Labor Code, including, but
14  not limited to the California Fair Employment and Housing Act, the California Labor
15  Code, statutes and regulations prohibiting gender-based and/or disabilities arising from
16  workplace injuries, discrimination/harassment/retaliation, and statutes and regulations
17  prohibiting employers from discriminating/harassing/retaliating employees who seek a
18  safe work environment, seek to be free from harassment in the workplace, to time off to
19  attend to criminal proceeding matters and to have complaints thereto properly addressed
20  by the employer.

21     39.     As a direct and proximate result of DEFENDANTS' conduct as set forth
22  above, PLAINTIFF'S emotional well-being has substantially suffered and will continue to
23  suffer; PLAINTIFF has experienced and continues to experience severe emotional
24  distress, in an amount to be proven at trial. PLAINTIFF alleges that they have and will
25  continue to suffer substantial losses in earnings, other employment opportunities,
26  employment benefits and other damages, the precise amounts to be proven at trial.
27  ///
28  ///

                                    7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Third Cause of Action

Sexual Harassment, Discrimination and Retaliation

(Cal. Govt. Code §§ 12940(j) *et seq.*)

(By PLAINTIFF Against All DEFENDANTS)

40.    PLAINTIFF incorporates by reference and realleges the above paragraphs as though set forth fully herein.

41.    PLAINTIFF was subjected to sexual harassment and retaliation and / or discrimination as set forth herein. DEFENDANTS discharged, refused to hire, and / or otherwise committed an adverse employment action against PLAINTIFF.

42.    PLAINTIFF'S protected status was a motivating reason for the discharge, refusal to hire, and / or other adverse employment action.

43.    PLAINTIFF was harmed by DEFENDANTS' actions set forth herein, and DEFENDANTS' constructive discharge, and / or other adverse employment action as to PLAINTIFF was a substantial factor in causing PLAINTIFF'S harm.

Fourth Cause of Action

Intentional Infliction of Emotional Distress

(By PLAINTIFF Against All DEFENDANTS)

44.    PLAINTIFF alleges and incorporates by reference herein all allegations set forth in all previous paragraphs of the Complaint.

45.    The acts described in this complaint, specifically in the Statement of Facts, constitute outrageous conduct by DEFENDANTS. The ratification of said acts by DEFENDANTS, and each of them, is also outrageous. When DEFENDANTS committed the acts described in this Complaint, they did so deliberately and intentionally to cause PLAINTIFF severe emotional distress. DEFENDANTS' conduct in confirming and ratifying that conduct was done with knowledge that PLAINTIFF'S distress would thereby increase, and was done with wanton and reckless disregard of the probability of causing PLAINTIFF emotional distress.

46.    Such conduct by DEFENDANTS, and each of them, exceeds all normal risks

8

1    of the employment relationship.

2         47.    The above acts of defendants and each of them caused PLAINTIFF severe

3    emotional distress, anxiety, sleeplessness, and were outrageous and beyond the scope of

4    employment. As a direct, proximate and foreseeable result of the aforesaid conduct of the

5    DEFENDANTS, and each of them, PLAINTIFF suffered damages and injuries set forth

6    below.

7         48.    As a result of the aforesaid acts of DEFENDANTS, PLAINTIFF has become

8    mentally upset, distressed and aggravated. PLAINTIFF claims general damages for such

9    mental distress and aggravation in an amount of which will be proven at time of trial.

10        49.    As a proximate result of the conduct complained of herein, PLAINTIFF

11   suffered and continues to suffer embarrassment, humiliation, emotional distress, mental

12   anguish and severe nervous system shock, and thereby sustained serious injuries to

13   physical and mental health, strength and activity, causing extreme physical and

14   emotional pain, all to PLAINTIFF'S general damage in such amount as may be proven.

15   Said amount is within the jurisdiction of the Superior Court of the State of California.

16        50.    As a direct and proximate result of the aforementioned wrongful conduct of

17   DEFENDANTS, and each of them, PLAINTIFF incurred medical expenses, the exact

18   nature and extent of which are unknown to PLAINTIFF at this time and PLAINTIFF will

19   ask leave of the Court to amend this Complaint in this regard when the same have been

20   ascertained.

21        51.    As a direct and proximate result of the aforementioned wrongful conduct of

22   DEFENDANTS, and each of them, PLAINTIFF will be required to incur additional future

23   medical expenses all to her further damage in an amount to be proven at trial.

24                              Fifth Cause of Action

25                              Unfair Competition

26                       (Cal. Bus. & Prof Code §§ 17200 et seq.)

27                       (By PLAINTIFF Against All DEFENDANTS)

28        52.    PLAINTIFF incorporates by reference and realleges the above paragraphs as

                                        9

though set forth fully herein.

53.   Shareholders, owners, directors, officers and/or sole proprietors of DEFENDANTS misappropriated and converted to themselves for their individual advantage the unpaid wages and other monies owed to PLAINTIFF as alleged throughout this complaint.

54.   As a result of DEFENDANTS' unfair business practices, DEFENDANTS have reaped unfair benefits and illegal profits at the expense of PLAINTIFF, and members of the public. DEFENDANTS' use of such unfair business practices constitutes unfair competition and provides an unfair advantage over DEFENDANTS' competitors. DEFENDANTS should be made to disgorge their ill-gotten gains and restore such monies to PLAINTIFF.

55.   DEFENDANTS' unfair business practices entitle PLAINTIFF to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge and restore to PLAINTIFF the compensation unlawfully withheld and for which DEFENDANTS were unjustly enriched.

### PRAYER

WHEREFORE, PLAINTIFF hereby prays that the Court enter Judgment in their favor and against DEFENDANTS and DOES 1 Through 100, inclusive, collectively DEFENDANTS, and each of them, as follows:

(a)   For damages according to proof;

(b)   For payment of all statutory obligations and penalties as required by law;

(c)   For an accounting, under administration of PLAINTIFF and subject to Court review;

(d)   A declaration of the rights and interests of the parties;

(e)   For prejudgment interest at the legal rate;

(f)   For attorney's fees and costs;

(g)   For costs of suit incurred herein;

///

1    (h)    For such further relief as the Court may deem appropriate.

2

3    Dated: February _1_, 2026                JAY S. ROTHMAN & ASSOCIATES

4

5

6                                            JAY S. ROTHMAN
                                             Attorney for Plaintiff Gregory Pitsch
7

8

9                              DEMAND FOR JURY TRIAL

10    Plaintiff hereby demands a trial by jury of the foregoing causes of action.

11

12    Dated: February _1_, 2026                JAY S. ROTHMAN & ASSOCIATES

13

14

15                                            JAY S. ROTHMAN
                                             Attorney for Plaintiff Gregory Pitsch
16

17

18

19

20

21

22

23

24

25

26

27

28

11

**EXHIBIT A**

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

January 28, 2026

Jay S. Rothman
JAY S. ROTHMAN & ASSOCIATES, 21900 Burbank Blvd., Ste. 210
Woodland Hills, CA 91367

RE:    **Notice to Complainant's Attorney**
       CRD Matter Number: 202601-33309528
       Right to Sue: Pitsch / TESLA, INC.

Dear Jay S. Rothman:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/11)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

**Civil Rights Department**
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

January 28, 2026

RE:     **Notice of Filing of Discrimination Complaint**
        CRD Matter Number: 202601-33309528
        Right to Sue: Pitsch / TESLA, INC.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil
Rights Department (CRD) in accordance with Government Code section 12960. This
constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. A copy of the Notice of
Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation
Program. Under this program, established under Government Code section
12945.21, a small employer with 5 -19 employees, charged with violation of the
California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave
(Government Code sections 12945.2, 12945.6, or 12945.7) has the right to
participate in CRD's free mediation program. Under this program both the
employee requesting an immediate right to sue and the employer charged with
the violation may request that all parties participate in CRD's free mediation
program. The employee is required to contact the Department's Dispute
Resolution Division prior to filing a civil action and must also indicate whether
they are requesting mediation.  The employee is prohibited from filing a civil
action unless the Department does not initiate mediation within the time period
specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact CRD's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter
number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their
contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Civil Rights Department
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

January 28, 2026

Gregory Pitsch
c/o JAY S. ROTHMAN & ASSOCIATES, 21900 Burbank Boulevard, Suite 210
Woodland Hills, CA 91367

RE:    **Notice of Case Closure and Right to Sue**
        CRD Matter Number: 202601-33309528
        Right to Sue: Pitsch / TESLA, INC.

Dear Gregory Pitsch:

This letter informs you that the above-referenced complaint filed with the Civil Rights
Department (CRD) has been closed effective January 28, 2026 because an immediate
Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation
Program. Under this program, established under Government Code section
12945.21, a small employer with 5 -19 employees, charged with violation of the
California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave
(Government Code sections 12945.2, 12945.6, or 12945.7) has the right to
participate in CRD's free mediation program. Under this program both the
employee requesting an immediate right to sue and the employer charged with
the violation may request that all parties participate in CRD's free mediation
program. The employee is required to contact the Department's Dispute
Resolution Division prior to filing a civil action and must also indicate whether
they are requesting mediation. The employee is prohibited from filing a civil
action unless the Department does not initiate mediation within the time period
specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. Contact
CRD's Small Employer Family Leave Mediation Pilot Program by emailing
DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number
indicated on the Right to Sue notice.

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

**Civil Rights Department**
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
## Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Gregory Pitsch

CRD No. 202601-33309528

Complainant,

vs.

TESLA, INC.
Kiran S. Lopez, 31353 Huntwood Avenue
Hayward, CA 94544

Respondents

**1.** Respondent **TESLA, INC.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant **Gregory Pitsch**, resides in the City of **Woodland Hills,** State of **CA.**

**3.** Complainant alleges that on or about **May 27, 2023,** respondent took the following adverse actions:

**Complainant was harassed** because of complainant's sexual orientation, sexual harassment.

**Complainant was discriminated against** because of complainant's sexual orientation, other and as a result of the discrimination was forced to quit, asked impermissible non-job-related questions.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was forced to quit, asked impermissible non-job-related questions.

**Additional Complaint Details:** DEFENDANTS employed PLAINTIFF from on or about January of 2022 through May 27, 2023, as a Material Handler.

-1-
*Complaint – CRD No. 202601-33309528*

Date Filed: January 28, 2026

CRD-ENF 80 RS (Revised 2025/11)

1   During PLAINTIFF'S employment, he regularly accessed the wireless internet on premises
2   on his phone. As a result, his phone was vulnerable to attack from malicious software used
    by other employees to spy on their fellow employees, looking for embarrassing content to
3   use to amuse themselves.

4   On one occasion, PLAINTIFF'S phone was invaded by this malware and other employee
    came into possession of a private photo depicting PLAINTIFF engaged in oral sex with
5   another male. PLAINTIFF is married to a woman.

6   For about eight months after this intrusion and theft of PLAINTIFF'S private photo, the photo
    was passed around to many employees, and PLAINTIFF was subjected to constant sexual
7   harassment from those employees.

8   PLAINTIFF faced comments like, "ass boy" and "faggot" as well as gagging sounds. This
    occurred on the work premises, as well as during transportation to the premises.
9
    PLAINTIFF complained to DEFENDANTS' Transportation Department and Human
10  Resources about the sexual harassment, and made complaints to employees Scott Huerte,
    Michael De Jesus and Jacob Crites.
11
    PLAINTIFF made constant complaints and pleas for help at least as far back as December
12  2023.

13  Despite PLAINTIFF'S constant complaints, reports and pleas for assistance; nobody in
    DEFENDANT'S employ did anything to help PLAINTIFF and did nothing to stop the sexual
14  harassment he faced.

15  Ultimately, PLAINTIFF was left with no choice but to resign his position and seek relief.
16
17
18
19
20
21
22
23
24
25
26                                          -2-
                              *Complaint – CRD No. 202601-33309528*
27
    Date Filed: January 28, 2026
28
                                                        CRD-ENF 80 RS (Revised 2025/11)

1  VERIFICATION

2  I, **Jay Rothman**, am the **Attorney** in the above-entitled complaint.  I have read the
3  foregoing complaint and know the contents thereof. The matters alleged are based on
   information and belief, which I believe to be true. The matters alleged are based on
4  information and belief, which I believe to be true.

5  On January 28, 2026, I declare under penalty of perjury under the laws of the State of
   California that the foregoing is true and correct.
6

7                                                           **Woodland Hills, CA**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                    -3-
                        *Complaint – CRD No. 202601-33309528*
27
   Date Filed: January 28, 2026
28
                                              CRD-ENF 80 RS (Revised 2025/11)